not of fact, this proceeding had to be dismissed.

Relator further complains of the statement in our original opinion to the effect that for the purposes of this proceeding this court must accept as true the allegations contained in the respondent's answer. Of course we did not intend to say that we found said allegations to be true in fact, but merely to say that for the purpose of determining our jurisdiction the allegations are treated in law as true.

We have read and carefully considered the above motion, and recommend that the same be in all things overruled.

### Clifton DAVIDSON v. STATE.
#### No. 15456.

Court of Criminal Appeals of Texas.
June 15, 1932.

Baskett & DeLee, of Dallas, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CALHOUN, J.

The offense, robbery with firearms; the punishment, 5 years in the penitentiary.

The record is before us without a statement of facts or bills of exception. No defect either in the indictment or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### Clifton DAVIDSON v. STATE.
#### No. 15457.

Court of Criminal Appeals of Texas.
June 15, 1932.

Baskett & DeLee, of Dallas, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CALHOUN, J.

The offense, robbery with firearms; the punishment, 5 years in the penitentiary.

The record is before us without a statement of facts or bills of exception. No defect either in the indictment or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### Miles ISABEL v. STATE.
#### No. 15444.

Court of Criminal Appeals of Texas.
June 15, 1932.

Marshall & Perkins, of Quanah, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, J.

The offense is burglary; the punishment, confinement in the penitentiary for 2 years.

Upon written request of appellant, duly verified by his affidavit, the appeal is dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### Claud NEWTON v. STATE.
#### No. 15463.

Court of Criminal Appeals of Texas.
June 25, 1932.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

**MORROW, P. J.**

Conviction is for burglary; penalty assessed at confinement in the penitentiary for 2 years.

By the affidavit of the sheriff of Kerr county it is made to appear that on the night of June 17, 1932, appellant broke and escaped from jail, and has not voluntarily returned.

Under the provisions of article 824,. Code Cr. Proc. 1925, the appeal will be dismissed, and it is so ordered.

■

**I. D. PERKINS v. STATE.**

No. 15481.

Court of Criminal Appeals of Texas.

June 22, 1932.

Jake Clegg. of Trinity, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

**CALHOUN, J.**

The offense, theft of a hog; the punishment, 2 years in the penitentiary.

The record is before us without a statement of facts or bills of exception. No defect either in the indictment or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment is affirmed.

**PER CURIAM.**

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

■

**Claud PHILLIPS v. STATE.**

No. 15462.

Court of Criminal Appeals of Texas.

June 25, 1932.

W. E. Myres, of Fort Worth, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

**MORROW, P. J.**

Conviction is for burglary; penalty assessed at confinement in the penitentiary for 2 years.

By the affidavit of the sheriff of Kerr county it is made to appear that on the night of June 17, 1932, appellant broke and escaped from jail, and has not voluntarily returned.

Under the provisions of article 824, Code Cr. Proc. 1925, the appeal will be dismissed, and it is so ordered.

■

**Clint POWELL v. STATE.**

No. 15400.

Court of Criminal Appeals of Texas.

June 24, 1932.

W. A. Anderson, of San Angelo, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

**MORROW, P. J.**

The offense is robbery; penalty assessed at confinement in the penitentiary for 5 years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

■

**Will STUBBLEFIELD v. STATE.**

No. 15479.

Court of Criminal Appeals of Texas.

June 22, 1932.

L. M. Cox, of Huntsville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

**CALHOUN, J.**

The offense, possession of a still for the manufacture of intoxicating liquor; the punishment, one year in the penitentiary.

The record is before us without a statement of facts or bills of exception. No defect either in the indictment or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment is affirmed.

